# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY THOMPSON,<br><br>           Plaintiff,<br><br>v.<br><br>PARAMO, et al.,<br><br>           Defendant. | Case No.: 16cv951-MMA (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY** |

   Plaintiff, a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983 on April 19, 2016. On August 1, 2016 and subsequently on January 5, 2017, the Court issued orders granting Plaintiff's motion to proceed in forma pauperis ("IFP") and directing the U.S. Marshal ("USMS") to effect service on named Defendants. (ECF No. 5 at 7-8; ECF No. 9.) The summons for Defendants Chief Medical Officer James Walker and Doctor Luzyiminda Saidro were returned unexecuted on February 9, 2017. (ECF Nos. 11-12.) On March 7, *nunc pro tunc* to February 27, 2017, Plaintiff filed a motion for discovery seeking the addresses and phone numbers for Defendants Walker and Saidro in order to have the USMS effect service of his complaint. (ECF No. 16.)

   "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the

necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service of process is automatically good cause within the meaning of Federal Rule of Civil Procedure 4(m).[1] *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Here, Plaintiff sufficiently identified Defendants Walker and Saidro as employees of RJD and the California Department of Corrections and Rehabilitation ("CDCR") during the time he has been imprisoned therein. The Litigation Coordinator at RJD returned the unexecuted summons stating that Defendants Walker and Saidro are not current employees of RJD. (ECF. Nos. 11-12.) So long as the privacy of the Defendants' forwarding addresses can be preserved and the forwarding addresses can easily be ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service upon these Defendants on his behalf. *See Puett*, 912 F.2d at 275; *Morris v. Barr*, No. 10-cv-2642-AJB (BGS), 2011 WL 3859711, at *1-2 (S.D. Cal. Aug. 31, 2011); *Jensen v. Knowles*, 621 F. Supp. 2d 921, 929-31 (E.D. Cal. 2008); *Dodson v. Rocha*, No. 07cv0869–W (RBB), 2008 WL 251947, at *1 (S.D. Cal. Jan. 30, 2008) ("As long as Defendant['s] . . . forwarding address can be easily ascertained by reference to the [CDCR's] personnel records, Plaintiff is entitled to rely on the [USMS] to effect service on him.").

---

[1] Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Based on a prior Order, service is to be effected by April 5, 2017. (ECF No. 9 at 2.) However, good cause being shown, the deadline for service is extended as outlined below.

  The Court **GRANTS** Plaintiff's motion for discovery (ECF No. 16) and hereby directs the USMS to contact either the Litigation Coordinator at RJD or the CDCR's Legal Affairs Division, if necessary, to obtain current/forwarding addresses within the CDCR's records or possession.  Any addresses shall be forwarded on or before April 12, 2017 to the USMS in a **confidential memorandum**.  The USMS are **ORDERED** to keep strictly confidential any address provided for the Defendants.  Thus, the addresses shall not appear on any USMS Form 285, shall not be provided to Plaintiff, and shall not be made part of the Court's record.

  Within 30 days of receipt of any available addresses, the Court **ORDERS** the USMS to serve a copy of Plaintiff's complaint and summons upon Defendants Walker and Saidro. All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  (ECF Nos. 5 and 9.)

**IT IS SO ORDERED.**

Dated:  March 29, 2017

                _____
                Hon. Bernard G. Skomal
                United States Magistrate Judge