# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

LEROY THOMPSON,

Plaintiff,

v.

DANIEL PARAMO, Warden; J. WALKER, Chief Medical Officer; K. SEELEY, Doctor; L. SAIDRO, Doctor,

Defendants.

Case No.: 16cv951-MMA (BGS)

**ORDER DENYING MOTIONS TO APPOINT COUNSEL**

**[ECF NOS. 34, 36]**

Leroy Thompson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff renews his request for appointment of counsel. (ECF No. 34, 36; *see* ECF No. 5 at 4-5 [order denying Plaintiff's initial request for appointment of counsel].) For the following reasons, Plaintiff's Motions for Appointment of Counsel (ECF No. 34, 36) are **DENIED** without prejudice.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654

F.2d 1349, 1353 (9th Cir. 1981)).

While a district court has limited discretion under 28 U.S.C. § 1915(e)(l) to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F. 3d 1101, 1103 (9th Cir. 2004), it may exercise that discretion only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether such "exceptional circumstances" exist requires consideration of both (1) a plaintiff's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970.

Plaintiff claims that the factual and legal complexity of his case, combined with his limited ability to investigate and present his case, the need for discovery, his indigency, and his lack of legal training necessitate the appointment of counsel. (ECF No. 34 at 2-4.) However, these circumstances are typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to demonstrate the "exceptional circumstance" required to justify appointment of counsel. *See Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Garcia v. C.D.C.R.*, No. 12CV1084 IEG KSC, 2013 WL 485756, at *2 (S.D. Cal. Feb. 6, 2013); *Marquez v. United States*, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018). As noted in the Court's initial denial of Plaintiff's request for appointment of counsel, the claims raised by Plaintiff's Complaint are not particularly complex. (ECF No. 5 at 4 [noting Plaintiff's claims appear "relatively straightforward"].) Based on his filings, he has demonstrated that while he may not be formally trained in law, he is capable of grasping and conveying the legal facts and issues involved in his case. Up to this point, Plaintiff has been able to

sufficiently articulate his claims, apparently with the aid of other inmates. (*See* ECF No. 34 at 5); *Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying a motion for appointment of counsel because "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case"); *West v. Dizon*, No. 2:12-CV-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014). When a *pro se* plaintiff shows he understands basic litigation procedure and is able to articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer*, 560 F.3d at 970.

Further, although Plaintiff's claims survived initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (*see* ECF No. 5 at 5-6), it is too early to determine whether Plaintiff's claims will survive a motion for summary judgment. Plaintiff offers no evidence other than his own assertions to support the claims in his Complaint. Thus, this factor does not support Plaintiff's request for appointed counsel. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

Next, Plaintiff claims to suffer from a number of medical problems that prevent him from being able litigate this case without counsel, including brain damage. (ECF No. 34 at 5; ECF No. 36 at 1.) To support this claim, Plaintiff attached to his Motion a 2016 filing from a previous habeas action filed in the Central District of California. (ECF No. 34 at 6-13.) The 2016 filing addressed Plaintiff's inability to timely file a federal petition for writ of habeas corpus due to his mental deficits resulting from his history of strokes and other health problems. (*Id.* at 7.)

While incapacitating mental disability may be grounds for appointment of counsel in some cases, a plaintiff making that argument must present substantial evidence of incompetence. *Meeks v. Nunez*, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (discussing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005)), *appeal dismissed*, No. 17-55304, 2017 WL 3923756 (9th Cir. Apr. 24, 2017); *Fletcher v.*

*Quin*, No. 3:15-CV-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"). There must be a "nexus between the mental disorder and the plaintiff's ability to articulate his claims." *Fletcher*, 2018 WL 840174, at *2; *see McElroy v. Cox*, No. CIV. 08-1221JMAJB, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (denying appointment of counsel in prisoner § 1983 action despite Plaintiff's claims he suffered from mental illness preventing him from bringing his case); *Meeks*, 2017 WL 476425, at *3. The court must consider plaintiff's mental health "during the relevant time period." *Allen*, 408 F.3d at 1152; *see Shack v. Knipp*, No. 12-CV-794-MMA BGS, 2012 WL 4111652, at *4 (S.D. Cal. Sept. 17, 2012).

Here, while the 2016 filing attached to Plaintiff's motion discusses Plaintiff's historic health issues, it is outdated. It does not shed light on Plaintiff's current mental status during the "relevant time period", which would be during this ongoing action. *See Allen*, 408 F.3d at 1152. Furthermore, the filing does not contain Plaintiff's medical records themselves and is thus insufficient. *See McElroy*, 2009 WL 4895360, at *3; *Meeks*, 2017 WL 476425, at *3. Without more specific and current information regarding Plaintiff's mental impairments, there can be no nexus between his mental incapacity and his ability to articulate his claims. *See Meeks*, 2017 WL 476425, at *3-4; *McElroy*, 2009 WL 4895360, at *3.

Additionally, Plaintiff's purported mental impairments have not prevented him from articulating his claims here. The Court has reviewed Plaintiff's Complaint and understands the claims and the relief he seeks. He has demonstrated a good grasp on basic litigation procedure, as evidence by his other documents filed with the Court. He has thus shown that despite his purported impairments, he has been able to articulate his claims in light of the complexity of this case. Accordingly, the Court does not find exceptional circumstances based on Plaintiff's mental status. *See Fletcher*, 2018 WL 840174, at *2; *Thompson v. Virga*, No. 11-CV-2818-NLS, 2012 WL 1154473, at *2 (S.D. Cal. Apr. 4, 2012) (holding petitioner failed to submit substantial evidence of incompetence by (1) not

providing medical records from the relevant time period (*i.e.* during ongoing proceeding), (2) not submitting any declarations from inmates or medical personnel attesting to alleged incompetence, and (3) effectively litigating the case without counsel).

Finally, the Court acknowledges that any *pro se* litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, viewing the two exceptional circumstances factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claims *pro se*. For the foregoing reasons, the Court does not find the "exceptional circumstances" required for appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: September 13, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

5