# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY THOMPSON,<br><br>                 Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden; J. WALKER, Chief Medical Officer; K. SEELEY, Doctor; L. SAIDRO, Doctor,<br><br>                 Defendants. | Case No.: 16cv951-MMA (BGS)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF NO. 55]** |

Leroy Thompson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff renews his request for appointment of counsel. (ECF No. 55; *see* ECF No. 5 at 4-5 [order denying Plaintiff's initial request for appointment of counsel]; ECF No. 45 [denying Plaintiff's second and third requests for appointment of counsel.) For the following reasons, Plaintiff's newest Motion for Appointment of Counsel (ECF No. 55) is **DENIED without prejudice**.

As the Court has previously explained, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs*., 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-

appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

While a district court has limited discretion under 28 U.S.C. § 1915(e)(l) to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F. 3d 1101, 1103 (9th Cir. 2004), it may exercise that discretion only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether such "exceptional circumstances" exist requires consideration of both (1) a plaintiff's "likelihood of success on the merits" and (2) whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970.

In his most recent request for appointment of counsel, Plaintiff claims that due to his November 11, 2018 spinal surgery, he is in constant pain, unable to stand, mentally unstable, and has "problems remembering." (ECF No. 55 at 1-2.) He includes a copy of his Patient Discharge Instructions dated November 20, 2018, confirming he did have a lumbar laminectomy, was prescribed morphine for five days (beginning on November 20, 2018) and received a morphine injection on November 20, 2018.

Plaintiff's current circumstances are insufficient to demonstrate the "exceptional circumstances" required to justify appointment of counsel. *See Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as . . . mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Fletcher v. Quin*, No. 3:15-CV-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (requiring a "nexus between the mental disorder and the plaintiff's ability to articulate his claims" to justify appointment of counsel); *Kilgore v. Mandeville*, No. 2:07-CV-2485 GEB KJN, 2010 WL 2557702, at *15 (E.D. Cal. June 21, 2010) (denying appointment of counsel due to plaintiff's change in circumstances based on upcoming

surgery); *see also Kilgore v. Mandeville*, No. 2:07-CV-2485 GEB KJN, 2011 WL 4048406, at *2 (E.D. Cal. Sept. 9, 2011) (noting that plaintiff stated he would be temporarily unable to pursue litigation due to surgery). Here, Plaintiff's purported impairments have not prevented him from articulating his request for counsel. Additionally, based on the medical documents he submitted, he is no longer taking morphine. (*See* ECF No. 55 at 3.) Thus, any purported mental side effects from pain medication would no longer be an issue. *See Angelone v. Furst*, No. C07-5538RJB, 2008 WL 5114271, at *1 (W.D. Wash. Dec. 2, 2008) (denying appointment of counsel despite plaintiff's claim that morphine was interfering with his ability to prosecute the case in part because he was "able to articulate his positions adequately and raise issues to the Court").

Further, it is still too early to determine whether Plaintiff's claims will survive a motion for summary judgment. Plaintiff offers no evidence other than his own assertions to support the claims in his Complaint. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Thus, the likelihood of success on the merits of his claims has not been established.

The Court is mindful of Plaintiff's claimed medical issues. However, Plaintiff's situation does not rise to the "exceptional circumstances" warranting appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel (ECF No. 55) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: December 18, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge