# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY THOMPSON,<br><br>                Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                Defendants. | Case No. 16cv951-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 37] |

    Plaintiff Leroy Thompson, a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that medical professionals at R. J. Donovan Correctional Facility violated his Eighth Amendment right to adequate medical care. Defendant Doctors Seeley and Saidro move for summary judgment as to Plaintiff's claims. *See* Doc. No. 37. To date, Plaintiff has not filed a response in opposition to the motion.[1] For the reasons set forth below, the Court **GRANTS** Defendants' motion.

---

[1] The Court provided Plaintiff with notice of the motion pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). *See* Doc. No. 38. The Court granted Plaintiff several lengthy extensions of time in which to file a response to Defendants' motion. *See* Doc. Nos. 48, 51, 53. The Court also waited an additional period of time before issuing its ruling, in order to accommodate an untimely response. Moreover, the Court is unable to construe Plaintiff's complaint as an opposition to the motion. While a verified complaint may be used as an

1

## BACKGROUND[2]

This action arises out of events following Plaintiff's transfer in May 2013 to R. J. Donovan Correctional Facility ("RJD") in San Diego, California. Plaintiff suffers from chronic pain, a potentially debilitating medical condition. Defendant Seeley ("Dr. Seeley") treated Plaintiff for chronic pain from August 27, 2013 to February 10, 2015. At various times, Dr. Seeley prescribed Tylenol, Motrin, and aspirin for Plaintiff. Dr. Seeley also advised Plaintiff to perform stretching exercises. Dr. Seeley accommodated Plaintiff's request for shoes with arch support, ordered him an additional pillow, agreed to reinstitute physical therapy, and worked with a "multidisciplinary patient care team to target his chronic pain through different avenues." *Seeley Decl.* ¶ 10. During chronic care follow-up appointments, Plaintiff complained to Dr. Seeley that none of the prescribed pain medications were effective. Plaintiff was non-compliant with his medication schedule. Plaintiff requested a prescription for Vicodin. Dr. Seeley declined to prescribe any opioid-based medication for Plaintiff. Based on his medical opinion, Dr. Seeley determined it would be "unwise" to do so. *Id.* ¶ 16. On at least one occasion, Dr. Seeley administered a cortisone injection to Plaintiff.

Defendant Saidro ("Dr. Saidro") treated Plaintiff for chronic pain from August 3, 2015 to December 22, 2015. At various times, Dr. Saidro prescribed ibuprofen, amitriptyline, and tramadol for Plaintiff. Dr. Saidro also prescribed Elavil for Plaintiff, to

---

opposing affidavit under Federal Rule of Civil Procedure 56, *see McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987), Plaintiff did not attest to the factual allegations in his complaint under penalty of perjury. *See* Doc. No. 1. The Court also notes that Plaintiff submitted a document styled as a "traverse" in response to Defendants' answer, which concludes with a sworn statement, but lacks Plaintiff's signature. *See* Doc. No. 23.

[2] These material facts are taken from Defendants' Separate Statement of Uncontested Facts and Defendants' supporting declarations and exhibits, including excerpts from Plaintiff's deposition testimony. Facts that are immaterial for purposes of resolving the current motion are not included in this recitation.

assist him with sleeping. Plaintiff was non-compliant with his medication schedule. Plaintiff requested a prescription for Vicodin. Dr. Saidro declined to prescribe Vicodin. In Dr. Saidro's medical opinion, Vicodin is not a "medically accepted medication for chronic pain." *Saidro Decl.* ¶ 14. Dr. Saidro recommended that Plaintiff take Tramadol instead. Plaintiff agreed and Dr. Saidro started the process of completing a Nonformulary Drug Request in order to prescribe Tramadol for Plaintiff. The Facility Medical Authority denied the request. Dr. Saidro prescribed ibuprofen after Plaintiff complained that naproxen and salsalate were ineffective.

Plaintiff filed suit in April 2016, alleging that Drs. Seeley and Saidro violated his Eighth Amendment right to adequate medical care. Plaintiff claims that the doctors' refusal to prescribe adequate pain relief amounted to "torture." *Complaint* at 3. Plaintiff alleges to suffer from depression, sleeplessness, weight loss, and extreme mood swings.

## DISCUSSION

Defendants move for summary judgment, arguing that the undisputed facts demonstrate that they provided Plaintiff with adequate medical care and did not act with deliberate indifference to Plaintiff's serious medical needs.

*1. Legal Standard*

Summary judgment is appropriate when, reviewing the record as a whole, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating to the Court the absence of any genuine issue of material fact. *See Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to present specific facts showing that there is a genuine issue of material fact that can only be

3

16cv951-MMA (BGS)

resolved at trial. *See Anderson*, 477 U.S. at 250.

The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Horphag*, 475 F.3d at 1035. Ordinarily, the nonmoving party must introduce significant probative evidence that supports the complaint, in order to survive summary judgment. *See Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1977) (quoting *Anderson*, 477 U.S. at 249). However, even when the nonmoving party fails to defend against a motion for summary judgment, the court is still obligated to consider the motion on its merits, and it "must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues." *Henry v. Gill Industries, Inc*., 983 F.2d 943, 950 (9th Cir. 1993).

### 2. Eighth Amendment Claim

Prisons must provide medical care for their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Failure to do so can amount to an Eighth Amendment violation under 42 U.S.C. § 1983. *Id.* at 105. To succeed on an Eighth Amendment claim for deficient medical care, a plaintiff must show "deliberate indifference" to his or her "serious medical needs." *Id*. at 104. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (*overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To satisfy the objective standard, a plaintiff must prove the existence of a serious medical need. *Estelle*, 429 U.S. at 104. A serious medical need exists whenever failure to provide treatment "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on*

4

*other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc)) (internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059-60).

The Ninth Circuit has summarized the requirements for establishing the subjective element of an Eighth Amendment claim for inadequate medical care:

> A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety. This requires more than ordinary lack of due care. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. In deciding whether there has been deliberate indifference to an inmate's serious medical needs, we need not defer to the judgment of prison doctors or administrators.

*Colwell*, 763 F.3d at 1066 (internal quotations, alterations, and citations omitted). Importantly, in order to establish that a defendant acted with deliberate indifference, a plaintiff must show more than misdiagnosis, medical malpractice, or even gross negligence. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, Defendants do not dispute that Plaintiff has serious medical needs due in part to his chronic pain. There is also no dispute that Defendants knew about Plaintiff's chronic pain and treated him for it. Plaintiff's claim against Drs. Seeley and Saidro arises from the manner in which they treated him. Specifically, Plaintiff asserts that Drs. Seeley and Saidro should have prescribed Vicodin or some other opioid in order

to relieve Plaintiff's chronic pain. Even viewed in the light most favorable to Plaintiff, the evidence in the record does not bear out this claim.

Drs. Seeley and Saidro have stated under penalty of perjury that they prescribed multiple types of pain medications for Plaintiff. Neither doctor believed, based on his or her medical opinion, that Vicodin or another opiate was an appropriate medication to treat Plaintiff's chronic pain. Plaintiff's disagreement with Defendants' various decisions regarding pain medication fails to establish deliberate indifference. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"). A defendant's purposeful failure "to respond to a prisoner's pain or possible medical need," may be sufficient under certain circumstances to constitute deliberate indifference. *May v. Baldwin*, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). However, as Plaintiff testified during his deposition, both Dr. Seeley and Dr. Saidro responded to Plaintiff's complaints of pain, and accommodated his requests for different types of pain medication.

Plaintiff's claim that he should have been prescribed an opiate-based pain reliever "is based entirely on self-diagnosis and has no medical support. He thus fails to show any unmet medical need, much less deliberate indifference." *Schultz v. Leighton*, 325 F. Supp. 3d 1069, 1077 (N.D. Cal. 2017) (citing *Parlin v. Sodhi*, No. 10-6120 VBF MRW, 2012 U.S. Dist. LEXIS 159187, 2012 WL 5411710 at *5 (C.D. Cal. Aug. 8, 2012) ("At its core, Plaintiff's claim is that he did not receive the type of treatment and pain medication that he wanted when he wanted it. His preference for stronger medication — Vicodin, Tramadol, etc. — represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation."); *Womack v. Bakewell*, No. 10-CV-2778 GEB DAD, 2013 U.S. Dist. LEXIS 86374, 2013 WL 3148467, *9 (E.D. Cal. June 19, 2013) ("In this regard,

plaintiff's disagreement with defendants about the type and strength of his pain medication does not reflect a conscious disregard of plaintiff's serious medical needs. In short, based on the record before the court, defendants' refusal to provide plaintiff with the pain medication he preferred did not rise to the level of deliberate indifference in violation of the Eighth Amendment.")).

In sum, no reasonable jury could find that Dr. Seeley or Dr. Saidro acted with the type of deliberate indifference that satisfies the subjective standard of Plaintiff's Eighth Amendment claim. Even taken in the light most favorable to Plaintiff, the evidence demonstrates that both Dr. Seeley and Dr. Saidro treated Plaintiff for chronic pain, prescribed a variety of different pain relievers, and counseled Plaintiff regarding medication compliance. As such, there is no genuine dispute of material fact suitable for trial, and summary judgment in favor of Drs. Seeley and Saidro is appropriate.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion for summary judgment and **DISMISSES** this action with prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: February 6, 2019

HON. MICHAEL M. ANELLO
United States District Judge